[Civ. No. 9819. Second Appellate District, Division Two.—September 13, 1934.]

EAGLES HOME ASSOCIATION OF LOS ANGELES, INC. (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION, GERTRUDE M. LEGER et al., Respondents.

Charles W. Cradick for Petitioner.

Everett A. Corten for Respondent Industrial Accident Commission.

CRAIG, Acting P. J.—An award and findings of fact in support thereof are questioned upon the ground that the same are contrary to the substantial creditable evidence, and that evidence upon which they were based requires a denial of compensation.

The undisputed facts are: The employer is a benevolent association maintaining a large three-story building in the city of Los Angeles containing a meeting hall, lobby, several small rooms and basement; also a fully furnished apartment consisting of living-room, bedroom, kitchen and bathroom which the employee, O. C. Leger, occupied as a home. His duties were those of a janitor—cleaning and re-arranging the furniture after meetings, attending to lights and sometimes locking the doors. Early one morning his lifeless body was found lying on the floor at the foot of a stairway, but no one saw him at the time of his demise. This occurred between the hours of 2 to 2:30 A. M. and 8:30 A. M., June 7, 1934.

The witness Frankenberger testified that between the hours of 6:30 P. M. and 9 P. M. on the sixth day of June, 1934, he was with deceased, that during that time the latter took six or eight drinks of intoxicating liquor and that when they parted Leger was "feeling pretty good", but was not drunk. The witness O'Brien testified that deceased and he left the hall at about 1 A. M. of June 7th and went to a "speak-easy" place, where Leger "was drinking" liquor and became "pretty well intoxicated". The witness took Leger back to his apartment at the hall about 2 to 2:30 A. M. and unlocked the door and let him in; at the time they left the hall Leger appeared to have had some drinks. The witness found the body of deceased at 8:30 that morning. It was clad in the same way as when they had parted a few hours before. The coroner's autopsy report, received in evidence, states that acute alcoholism was the primary cause of death and that injury to deceased's skull was the secondary cause. As against this evidence there is none which would qualify before a trial court. A witness stated that members of a drill team who were at

the hall at about 1 o'clock A. M. of the 7th and saw Leger said that he was not then intoxicated.

As to the duties which Leger was employed to perform there is some conflict. The witness White, a brother-in-law of deceased, testified that Leger had informed him that he was required to sleep in the building on account of insurance—to do considerable night work and to watch the place and eject intruders. However, Hull, the officer of the Eagles Lodge who employed Leger, stated that the latter was hired as a janitor only and not as a caretaker; that he was not required to live on the premises or to watch or protect them otherwise than while at work, as any janitor would, and that he was under orders not to do his janitor work at hours that would require him to use lights; also that it was the duty of the steward, O'Brien, to turn the lights out at night and lock the doors. This testimony is largely corroborated by other witnesses, to wit, O'Brien and one Barrett. From the testimony of several witnesses it appears that Leger, when at his work, dressed in striped overalls.

■ It is unnecessary to consider the cases cited or to distinguish the instant one from them. None have held that where, as here, there is direct, creditable and uncontradicted evidence that the deceased was intoxicated when he came to his death, that such intoxication was the primary cause thereof and no competent evidence is in conflict therewith, a finding to the contrary and an award based on such finding is within the jurisdiction of the commission. Regardless of whether deceased was on duty when he passed away, such an award must be beyond such jurisdiction. (Sec. 6, subd. 3, Workmen's Compensation Act.)

■ Further, it does not appear by a preponderance of the evidence that the injury received by the employee was received in the course of his employment. To support the award this is necessary. (*Employers' Liability Ins. Corp.* v. *Industrial Acc. Com.*, 182 Cal. 612 [187 Pac. 42].) Here the great preponderance of the evidence is against such finding. There is no competent evidence to sustain the claim that Leger was required to live on his employer's premises or that his duties were those of a caretaker. There is direct and competent evidence to the contrary. There is no competent evidence that he was on duty when he met

his death. There is direct and competent evidence that he was not.

It follows that the award must be annulled and it is so ordered.

Desmond, J., and Willis, J., *pro tem.*, concurred.